UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

LOGAN BRADLEY LAKE,

    Petitioner,

    v.                                    CAUSE NO. 2:24-CV-330-PPS-AZ

WARDEN,

    Defendant.

## OPINION AND ORDER

Logan Bradley Lake, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 to challenge his conviction for murder under Case No. 45G03-1003-MR-2. Following a trial, on May 17, 2011, the Lake Superior Court sentenced him to sixty years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, I must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Significantly, this is not the first time Lake has sought federal habeas relief in connection with his conviction. He first attempted to obtain habeas relief in *Lake v. Warden*, 3:21-cv-192 (N.D. Ind. dismissed March 23, 2021), but the court denied his habeas petition based on the untimeliness of his claims. In other words, this petition is a successive petition under 28 U.S.C. § 2244(b) requiring prior authorization from the Seventh Circuit Court of Appeals. Lake suggests that his assertion of actual innocence serves to excuse the unauthorized and successive nature of this habeas petition. To Lake's point, in *Schlup v. Delo*, 513 U.S. 298 (1995), the Supreme Court of the United

States recognized that a valid assertion of actual innocence could constitute grounds for allowing a prisoner to proceed on a successive petition. However, one year later, the Antiterrorism and Effective Death Penalty Act of 1996 modified the actual innocence standard for successive petitions and required that determinations of whether to authorize successive petitions first be made at the appellate level. *See* 28 U.S.C. 2244(b); *McQuiggin v. Perkins*, 569 U.S. 383, 396 (2013) ("[28 U.S.C. §] 2244(b)(2)(B) . . . thus reflect[s] Congress' will to modify the miscarriage of justice exception with respect to second-or-successive petitions[.]"). As a result, "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) (emphasis in original). Because the Seventh Circuit Court of Appeals has not authorized Lake to file a successive petition, I dismiss this case pursuant to Section 2244(b).

Pursuant to Section 2254 Habeas Corpus Rule 11, I must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling. Therefore, I deny Lake a certificate of appealability.

For these reasons, the court:

2

(1) DISMISSES this case as an attempt to pursue an unauthorized successive petition in violation of 28 U.S.C. § 2244(b)(3)(A);

(2) DENIES Logan Bradley Lake a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on October 4, 2024.

s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT

3